DA 16-0415

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 14N

IN THE MATTER OF:

L.M.F., N.R.F., N.M.F., K.J.F., and K.W.F.,

     Youths in Need of Care.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause Nos. DN 14-006,
DN 14-009, DN 14-131, DN 14-007, and DN 14-008
Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Tracy Labin Rhodes, Attorney at Law, Missoula, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

        Scott D. Twito, Yellowstone County Attorney, Corbit S. Harrington,
Deputy County Attorney, Billings, Montana

Submitted on Briefs:  December 28, 2016

Decided:  January 24, 2017

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    L.F. (Mother) appeals from the May 14, 2016 order terminating her parental rights to her children L.M.F., N.R.F., N.M.F., K.J.F., and K.W.F. We affirm.

¶3    In September 2013, the Department of Public Health and Human Services (Department) received reports of concern for Mother's children. To increase Mother's parenting skills the family began home visits with Barb Wood of the Family Support Network. Wood reported the home was chaotic including fighting, joblessness, forced evictions, and homelessness. Mother lacked parenting skills and neglected the children's needs. Due to her continuing crises, she was unable to make progress in her parenting skills. The Department received a report of alleged physical abuse in the home by the father of one of the children in November 2013.[1] Mother began regularly attending mental health counselling and had an initial psychological evaluation. The oldest two children were diagnosed with special needs. Mother appeared to have no real emotional connection with the children.

---

[1] Adoptive Father relinquished all parental rights in December 2014 and the Court terminated his rights. This appeal only involves Mother.

¶4 L.M.F., N.R.F., N.M.F., and K.J.F. were removed from Mother's care on February 11, 2014, after Mother displayed physical violence toward one child after losing her temper. The Department filed a Petition for Emergency Protective Services (EPS), Adjudication as Youths in Need of Care (YINC), and Temporary Legal Custody (TLC). Mother stipulated to the adjudication as YINC at the show cause hearing in March 2014, and the children were adjudicated as such in April 2014. The four cases were consolidated. In March 2014, Mother had a neuropsychological evaluation, which indicated she was mildly impaired though functional, had depression, anxiety, post-traumatic stress disorder, as well as symptoms consistent with borderline personality disorder. Testimony indicated Mother's mental health and personality disorders created a high risk of harm to the children through violence and neglect.

¶5 In June 2014, Mother participated in the creation of and signed a treatment plan, which the District Court approved. Neither Mother nor her counsel objected to the treatment plan. The plan called for Mother to complete significant activities to address her mental health, anger management, and domestic violence issues. It required her to improve her parenting skills, to improve and maintain her parent-child relationships, and to internalize and show progress in those skills. Finally, she was required to provide a safe, stable, and healthy environment for her children. Mother completed psychological exams, violence risk assessments, and parenting assessments.

¶6 In October 2014, Mother had a fifth child, K.W.F., who was placed immediately with the Department, adjudicated as a YINC, and TLC was granted. On December 20, 2014, Mother was arrested for partner/family member assault.

3

¶7 The Department was concerned that Mother was not internalizing her treatment, demonstrating sufficient parenting abilities or lifestyle changes, and continued to be unable to understand how her actions and stress influenced her parenting abilities and her children. At a visitation with the children, Mother seemed unable to engage with them. She was defensive, inconsistent, and frustrated with the children and unable to understand the children's needs. However, Mother continued working on her treatment plan through May 2015. TLC was extended multiple times based on Mother's engagement with the Department and her ongoing work with her treatment plan. A status hearing was held in September 2015.

¶8 In December 2015, the Department filed for termination of Mother's parental rights to her five children, based on the fact that she had not completed the treatment plan and her inability to "benefit from the services at a level which allows her to safely parent her children." The termination of parental rights hearing concluded after five days of testimony. The District Court terminated Mother's parental rights, finding the treatment plan was appropriate, yet not successful, and that the condition of Mother rendering her unfit was unlikely to change within a reasonable time.

¶9 This Court reviews a district court's decision to terminate parental rights for an abuse of discretion. *In re T.S.*, 2013 MT 274, ¶ 21, 372 Mont. 79, 310 P.3d 538. A district court's decision to terminate a parent's rights will not be disturbed on appeal unless there is a mistake of law or a finding of fact not supported by substantial evidence that would amount to a clear abuse of discretion. *In re A.S.,* 2016 MT 156, ¶ 11, 384 Mont. 41, 373 P.3d 848.

¶10 We review a district court's findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether they are correct. *In re A.S.*, ¶ 11; *In re T.S.,* ¶ 21. "A factual finding is considered clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence underlying the finding, or if a review of the record leaves this Court with a definite and firm conviction that a mistake has been made." *In re D.F.*, 2007 MT 147, ¶ 21, 337 Mont. 461, 161 P.3d 825; *In re D.T.H.,* 2001 MT 138, ¶ 7, 305 Mont. 502, 29 P.3d 1003. An appellant bears the burden of establishing the district court's findings are clearly erroneous. *In re D.F.*, ¶ 22.

¶11 Mother does not disagree that the treatment plan prepared for her was not successful; rather, she argues the treatment plan did not take into account her learning disability and special needs.

¶12 When a parent fails to challenge the appropriateness of her treatment plan, when represented by counsel, after signing the plan, and never objecting, that parent forfeits the opportunity to challenge the appropriateness of the plan on appeal. *In re A.A.*, 2005 MT 119, ¶¶ 21-26, 327 Mont. 127, 112 P.3d 993; *In re T.S.*, ¶¶ 25-26; *In re D.S.B.*, 2013 MT 112, ¶ 10, 370 Mont. 37, 300 P.3d 702. Here, Mother, represented by counsel, never objected to the treatment plan. Further, Mother was completing the assigned tasks. Mother testified that she believed the plan was tailored to fit her needs. The District Court found the treatment plan was appropriate for her; however, it was her inability to change her parenting style, the condition that caused the children to be removed originally, which resulted in the termination of her parental rights. Under these

5

circumstances, Mother has waived her right to challenge the appropriateness of her treatment plan on appeal.

¶13     Mother also argues the District Court failed to make specific findings of fact regarding its determination that Mother's conduct or condition rendering her unfit was unlikely to change within a reasonable time, thus abusing its discretion.

¶14     The court may terminate the parent-child legal relationship if it is not in the best interests of the child.  Section 41-3-602, MCA.  When a child has been adjudicated as a youth in need of care, the district court may terminate the parent-child legal relationship if, by clear and convincing evidence, it finds both of the following exist:  (i) a court approved appropriate treatment plan has not been complied with by the parents or has not been successful; and (ii) the conduct or condition of the parents rendering them unfit to care for the child is unlikely to change within a reasonable time.    Section 41-3-609(1)(f) (i), (ii), MCA; *In re D.F.,* ¶ 23.

¶15     The Department must prove by clear and convincing evidence each statutory criterion for termination of parental rights.  Section 41-3-422(5)(a)(iv), MCA; *In re K.L.,* 2014 MT 28, ¶ 14, 373 Mont. 421, 318 P.3d 691.   This Court defines clear and convincing evidence in a parental rights case to mean that a preponderance of the evidence must be definite or that a particular issue must be established by a clear preponderance of proof.  *In re T.D.H.,* 2015 MT 244, ¶ 28, 380 Mont. 401, 356 P.3d 457.

¶16     Here, the District Court found the continuation of the parent-child legal relationship will likely result in continued abuse or neglect.  When determining whether the conduct or condition of the parents is unlikely to change within a reasonable time,

6

Montana law requires one specific finding by the District Court: that the "continuation of the parent-child legal relationship will likely result in continued abuse or neglect or that the conduct or the condition of the parents renders the parents unfit, unable, or unwilling to give the child adequate parental care." Section 41-3-609(2), MCA. The court shall consider, but is not limited to considering, the parent's emotional illness, mental illness, or mental deficiency and its apparent duration or nature so as to render the parent unlikely to care for the ongoing physical, mental, and emotional needs of the child within a reasonable time. Section 41-3-609(2)(a), MCA; *In re D.F.*, ¶ 23.

¶17 Mother argues that the District Court failed to make findings specific to each child. Ample evidence shows, and the District Court entered specific findings, that the "continuation of the parent-child legal relationship will likely result in continued abuse or neglect" based on Mother's psychological issues. The District Court cited testimony regarding domestic violence in the home, general instability, chaos, children staying with inappropriate caregivers, unresolved behavioral and developmental conditions of the children, physical abuse of the children, and Mother's mental health and anger problems. These factors affected each of the children. The District Court's findings were supported by substantial evidence. The District Court did not abuse its discretion.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶19   Affirmed.


                                        /S/ MIKE McGRATH


We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE